THOMAS A. JOHNSON, #119203
KRISTY M. HORTON, #271250
Law Office of Thomas A. Johnson
400 Capitol Mall, Suite 2560
Sacramento, California 95814
Telephone: (916) 422-4022

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>STEVE SUBAL SMITH,<br><br>Defendant. | Case No.: 2:17-cr-00238-TLN<br><br>DEFENDANT'S SENTENCING MEMORANDUM<br><br>Date: August 1, 2019<br>Time: 9:30 a.m.<br>Judge: Troy L. Nunley |

### I – INTRODUCTION

The Pre-Sentence Report ("PSR") recommends a sentence of 210 months based upon a Total Offense Level of 34 and a Criminal History Category III. The defense hereby submits the following Sentencing Memorandum:

### II – SENTENCING MEMORANDUM

**A.  Mr. Smith Deserves a Sentence of 188 Months, the Low-End of the Guideline Range.**

Mr. Smith ask the Court to sentence him to the 188 months which is the low-end of the guideline range of a Total Offense Level of 34 and Criminal History III. Mr. Smith has accepted responsibility for his actions by pleading guilty. A major factor that contributed to this offense was the result of his drug addiction to methamphetamine.

1

After Mr. Smith was released on parole, he met a woman and she soon moved in with him. However, he realized she was using him, and the relationship was not what he thought it was and ended the relationship. During that time, he went for a parole board hearing to discuss how he was performing on parole. At that meeting, he learned he was scheduled to discharge from parole in 2025, although he said he was initially told he would discharge from parole in three years. Mr. Smith stated at that time in his life, he did not care about anything and he "just snapped." PSR ¶ 11. He tried methamphetamine given to him by an acquaintance and began using it daily. From then, his life spiraled downward and he made poor choices which led to the conduct of the offense. Mr. Smith acknowledged in the PSR that he has an addictive personality, but he has never received treatment for substance abuse.

**B.     A Sentence of 188 Months is Sufficient to Satisfy the Goals of Sentencing.**

The defendant entered an open plea to the Indictment in this matter. He did not request a trial because he is genuinely remorseful for his conduct. As state in the PSR, "The defendant agreed that the information contained in the factual basis was correct … and he was remorseful for his conduct." PSR ¶ 6. Mr. Smith cited his recent use of methamphetamine as a contributing factor. Mr. Smith has done everything possible to take responsibility for his conduct, to own his conduct, and that should merit a sentence at the low-end of the guidelines.

The defendant began using methamphetamine in 2017 and began using it daily. PSR ¶ 49. Mr. Smith has used numerous drugs throughout the years and had developed a significant issue. He used acid, TCH oil, marijuana, alcohol, and methamphetamine. Methamphetamine is a particularly debilitating drug which always has a huge impact on the user's life. Mr. Smith started using methamphetamine daily and that had an impact on his day to day decisions. In addition, Mr. Smith was going through a break up and this led to very poor decisions.

2

The Court must consider the sentence to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, afford specific deterrence, general deterrence, and, but also adhere to the requirement that any sentence imposed be sufficient, but not greater than necessary, to comply with [these] purposes." 18 U.S.C. § 3553(a)(2)(A-C). There is so much time and effort put into resolutions of cases without a trial and without motions which delay proceedings. Time and time again defendants are told that their failure to plead early results in a potentially greater sentence. In this matter, we have put the matter entirely in the court's hands. We are asking for 188 months. A sentence of 188 months is a significant amount of time. Such a sentence is sufficient, but not greater than necessary, to punish Mr. Smith and deter future conduct.

## III – CONCLUSION

Mr. Smith is remorseful for his actions and wants to continue to work toward improving himself through substance abuse and sex offender counseling. Therefore, Mr. Smith respectfully requests the Court sentence him to 188 months which is the low-end of the guidelines at Level 34 and Criminal History III. Such a sentence sufficiently takes into consideration the goals of sentencing and provides an appropriate punishment for Mr. Smith.

Dated: July 29, 2019

Respectfully submitted,

/s/ Thomas A. Johnson
THOMAS A. JOHNSON
Attorney for Steve Subal Smith